### ROSE et al. v. WYLIE et al.

No. 12278.

Court of Civil Appeals of Texas. Dallas.

May 23, 1936.

Rehearing Denied June 20, 1936.

Bishop & Holland, of Athens, for appellants.

R. H. Sigler, of Athens, for appellees.

JONES, Chief Justice.

This is an injunction suit in which a temporary writ was granted ex parte on the verified petition of appellees, restraining appellants, M. E. Rose, the judgment creditor, and W. G. Rogers, the sheriff of Anderson county, from executing an order of sale, and from causing to be issued future orders of sale, on two tracts of land, aggregating 409.2 acres, located partly in Anderson county and partly in Henderson county. The order of sale was issued on a judgment in favor of M. E. Rose against a number of other parties defendants, none of whom are parties to the instant suit.

An appeal was perfected from the judgment granting the temporary writ of injunction, and the facts alleged in the petition for an injunction become the statement of facts on this appeal. These appellees own an undivided one-half interest, free from liens, in the said 409.2 acres, and M. E. Rose, the judgment creditor in whose behalf the order of sale was issued, has no lien upon or interest in appellees' said one-half undivided interest, and no right to subject such interest to the order of sale. M. E. Rose, under the allegations in appellees' petition, cannot be prohibited from subjecting the other one-half undivided interest to a proper order of sale.

The fiat of the district judge, entered on appellees' petition, is: "The foregoing petition for injunction being considered, it is ordered that the clerk of the District Court of Henderson County, Texas, issue a writ of injunction in all things prayed for in the within petition, upon the petitioners executing to the adverse parties a bond with two or more good and sufficient sureties in the sum of $3,-000.00 Dollars, conditioned as the law requires." In respect to the temporary writ of injunction, the prayer of the petition is: "Wherefore, plaintiffs pray that Your Honor issue a temporary writ of injunction, restraining the defendant, W. G. Rogers, Sheriff of Anderson County, from selling or offering for sale said lands and premises under and by virtue of said order of sale, and notice of sale, as above set out * * *." That portion of the prayer seeking final judgment is, that appellees have judgment "permanently enjoining the defendants from selling, or attempting to sell, or causing to be offered

for sale, said lands and premises in so far as the same affects the undivided one-half interest of plaintiffs herein." ⎰ The temporary writ of injunction copies appellees' petition in hæc verba, including the prayer and verification; also copies the judge's fiat, and recites that the required bond had been filed, and then recites that: "You are hereby commanded to obey the said orders of the Judge until the further order of said District Court * * *."

We are of opinion that subdivision 4 of article 4642, R.C.S., gives to appellees the right to enjoin the sheriff from selling appellees' one-half undivided interest in the land, on the ground that appellant Rose had no interest in the said one-half undivided interest, and such sale, under the terms of said statute, would place a cloud upon the title of appellees as to the said one-half undivided interest in the land.

The writ of injunction is not clear and specific, as required by law, and so we reform the order granting the temporary writ of injunction so as to make it apply only to the one-half undivided interest, not owned by appellees, and give to appellant Rose the right to sue out another order of sale, directing the sale only of a one-half undivided interest in the land, described in the judgment and in appellees' petition.

Judgment reformed as above set forth, and as reformed is affirmed. The costs will be taxed against appellees.

Reformed and affirmed.